REDMANN, Judge
(dissenting in part).
I concur that, as plaintiff always knew, defendant’s letter only guaranteed payment of future purchases;
I dissent from the remand for further evidence. Plaintiff’s proof is adequate to support a judgment which in my opinion should be calculated on the basis set forth by the trial judge: purchases after the date of the guarantee should be added, and undesignated payments should be imputed thereto because the debtor had an interest in discharging his surety, which made the guaranteed portion of the account the debt he had the most interest in discharging, LSA-C.C. 2166.
Included among undesignated payments should be the payment in merchandise, which from invoices and credit memoranda appears not to have been a cancellation of sales since the goods returned were not credited in full, and plaintiff on its exhibit 6 treated this as “accepted materials to reduce outstanding obligation”. In any case, it was plaintiff’s case to prove, and it was no surprise that defendant contended he was not liable for earlier purchases. If among the “accepted materials” were some bought prior to the date the guarantee began, plaintiff should have shown this upon the trial.
My calculations from the statement of account show that a $9,004.33 undesignated payment cancelled the surety’s obligation on purchases up through August 22, 1966; that purchases thereafter totalled $5,708.-10; no designation was shown for the $1,700.00 and $1,100.00 payments, and $118.-13 of the September 27, 1966 payment was undesignated; and, for lack of proof otherwise by plaintiff, the $1,327.74 “accepted materials” further reduce the balance guaranteed by defendant.
Judgment in plaintiff’s favor should be amended to $1,462.23 and affirmed.